UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CR-19

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

ERIC CHISM                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Sever (Docket #62) and Motion for Counsel to Conduct Voir Dire and/or Transfer (Docket #63). This matter is now ripe for adjudication. For the foregoing reasons, Defendant's Motion to Sever is GRANTED and Defendant's Motion to Conduct Voir Dire and/or Transfer is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Defendant Eric Chism has been charged with one count of conspiracy to distribute and possess with intent to distribute cocaine base, or "crack." The Indictment indicates that the conspiracy occurred between January 2008 and October 2008. Chism's co-conspirators, as charged, are Fred McNeal and Jerome Saxton. Chism was arrested on January 15, 2010. Jerome Saxton has entered into a plea agreement with the government, and Fred McNeal is not yet before the Court. Defendant is scheduled to go to trial on December 13, 2010.

**DISCUSSION**

**I.    Motion to Sever (DN 62)**

Chism's second motion seeks an order to sever Chism for purposes of trial from any and all co-defendants. In support of this motion, Chism notes that McNeal is still not before the Court and Saxton has entered into a plea agreement.

Under Federal Rule of Criminal Procedure 14, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "[T]he question of partial or total severance is within the sound discretion of the trial judge." *United States v. Rowan*, 518 F.2d 685, 690 (6th Cir. 1975) (citations omitted). The Court finds that the circumstances of this case warrant severance of the trials of the three co-defendants. Saxton has already pled guilty and will not go to trial, and there is no way for the Court to know when McNeal will be brought before the Court. Accordingly, Chism's motion is granted.

## II.     Motion for Counsel to Conduct Voir Dire and/or Transfer (DN 63)

Next, Chism seeks a transfer of this case to the Western District of Tennessee. Chism argues that because he is an African American from the Jackson, Tennessee, area, "it will be very difficult to seat a fair and impartial jury of his peers." If the Court does not transfer the case, Chism's counsel seeks to be allowed to conduct voir dire at the trial.

"The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury." *Skilling v. United States*, 130 S. Ct. 2896, 2912-13 (2010). A court may order transfer to a different district "if extraordinary local prejudice will prevent a fair trial . . . ." *Id.* at 2913; Fed. R. Crim. P. 21(a). The Sixth Amendment also guarantees that the jury venire from which a jury is selected represent a "fair cross-section" of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). In order for a defendant to establish a prima facie violation of this guarantee, the defendant must show:

>    (1)    that the group alleged to be excluded is a "distinctive" group in the community;

> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
>
> (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Mo.*, 439 U.S. 357, 364 (1979). Defendant's motion only states that he is African American from the Jackson, Tennessee, area. Therefore, although Defendant satisfies the first part of *Duren*, in that the group alleged to be excluded is "distinctive," he fails to state a prima facie case for transfer to a different district.

The Court also notes that the Sixth Circuit has addressed the Western District of Ketucky's plan for selecting jury panels, and has found it to be satisfactory. *See, e.g.*, *United States v. Wales*, 68 Fed. App'x 575, 580 (6th Cir. 2003) (citing *United States v. Allen*, 160 F.3d 1096, 1103-04 (6th Cir. 1998)); *Polk v. Hunt*, 76 F.3d 379 (Table), 1996 WL 47110, at *2 (6th Cir. Feb. 5, 1996)). *Polk* held:

> [T]he Western District of Kentucky composes a jury panel according to a plan that complies with 28 U.S.C. § 1863. The Western District of Kentucky uses the voter registration list as the source for jury selection in federal courts, and the voter registration list has been expressly sanctioned by Congress in 28 U.S.C. § 1863(b)(2), and is the preferred source of names for prospective jurors. *See Taylor v. Louisiana*, 419 U.S. 522, 538 (1975); *Cecil*, 836 F.2d at 1445.

*Polk*, 1996 WL 47110 at *2 (citing *United States v. Cecil*, 836 F.2d 1431, 1445 (4th Cir. 1988)).

The Court finds that Defendant has failed to present any substantial evidence of "extraordinary local prejudice" or a violation of the guarantee to a jury venire representing a fair cross-section of the community. Mere allegations of racial prejudice or underrepresentation are insufficient. Accordingly, the Court denies Defendant's motion to transfer.

Defendant requests, in the alternative, the right to conduct voir dire. The Court grants

this motion. All voir dire questions must be submitted to the Court in advance. The Court will conduct voir dire, and counsel shall be allowed to ask any follow-up questions after the Court's initial questioning.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Sever is GRANTED and Defendant's Motion for Counsel to Conduct Voir Dire and/or Transfer is GRANTED IN PART and DENIED IN PART.